UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-2437 (CAS) (AJWx) | Date | October 15, 2012 |
|---|---|---|---|
| Title | SHEILA FERNANDES V. NORTHWESTERN ENGINEERING CO., INC., ET AL. | | |

| Present: The Honorable | CHRISTINA A. SNYDER | |
|---|---|---|
| Catherine Jeang | Laura Elias | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants | |
| David Shapiro<br>Lynda Kim | Stephen Crump | |

**Proceedings:** DEFENDANT'S MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM (Docket #28, filed September 5, 2012)

## I. INTRODUCTION

On August 20, 2012, plaintiff Sheila Fernandes filed a first amended complaint ("FAC") in this Court. The complaint alleges seven causes of action against all defendants: (1) specific performance, (2) breach of contract, (3) breach of the covenant of good faith and fair dealing, (4) declaratory relief, (5) reformation pursuant to Civil Code § 3399, (6) rescission, and (7) intentional infliction of emotional distress ("IIED").

On September 5, 2012, defendants filed a motion to dismiss for failure to state a claim for IIED. Dkt. No. 28. Plaintiff filed her opposition on September 24, 2012, and defendants responded on October 1, 2012. Dkt. Nos. 30, 31. Defendant's motion is presently before the court.

## II. BACKGROUND

Plaintiff alleges the following facts. On July 12, 2006, plaintiff leased a commercial property owned by defendants in Venice, CA for a period of five years and seven months, for a payment of $4,616.00 per month. FAC ¶ 1, 7. Plaintiff paid an additional $5,000 for an option to extend the term of the lease for five years until February 28, 2017. FAC ¶ 7; Exh. A. On October 28, 2010, plaintiff sent a letter to defendants exercising her option to extend the lease for the five year term, approximately

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-2437 (CAS) (AJWx) | Date | October 15, 2012 |
|---|---|---|---|
| Title | SHEILA FERNANDES V. NORTHWESTERN ENGINEERING CO., INC., ET AL. | | |

one year before the agreed upon deadline. FAC ¶ 10–11; Exh. B. Plaintiff alleges that defendants did not respond to plaintiff's letter. FAC ¶ 10.

In the following year, plaintiff communicated via text with defendants about a misplaced monthly rent payment and came to a resolution within a week. FAC ¶ 12. During that time, defendants did not indicate to plaintiff that they did not plan to honor her option to renew her lease. Id.

On December 16, 2011, plaintiff received a letter that defendants were terminating her lease because plaintiff had failed to exercise her option by September 2, 2011. FAC ¶ 13. At the time, plaintiff alleges that she was receiving medical care, recovering from surgery, and physically and emotionally distraught. FAC ¶ 13. Accordingly, plaintiff "completely forgot" that she had ever sent defendants the October 2010 letter exercising her option to extend her lease. Id. Upon receiving the termination letter, plaintiff "experienced a fit of depression and despair." FAC ¶ 14.

Plaintiff responded to the December termination letter later in the month by offering to immediately provide defendants with $5,000 to secure the option. FAC ¶ 17. Plaintiff further alleges that defendants refused her offer and all of her subsequent offers to negotiate. Id. After consulting an attorney, plaintiff was instructed to send her counsel all paperwork related to the commercial lease, at which point she discovered the October 2010 option letter. FAC ¶ 21. Plaintiff's attorney then sent a letter of explanation along with a check from plaintiff for $5,000 to defendants, but defendants refused to honor the five-year extension. FAC ¶¶ 21–22.

Plaintiff alleges that defendants have a history of using "intimidation" to "bully" tenants. FAC ¶ 16. Plaintiff alleges that defendants used intimidation tactics "when defendants acquired the premises in 1999, and again in 2005-2006 when [the landlord] bullied plaintiff into executing a new lease and forfeiting plaintiff's prior legal lease, and again in 2008, when [the landlord] harassed the tenant next to plaintiff's location, Mr. Mark Krofield," a long time tenant. Id. Plaintiff witnessed the landlord repeatedly appear at Mr. Krofield's store in the months leading up to the expiration of his lease. Id. Ultimately, the landlord doubled Mr. Krofield's rent and extended the lease for a year; Mr. Krofield, "visibly shaken and depressed" about the increased rent, passed away of a heart attack the day he was to sign the new lease. Id.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-2437 (CAS) (AJWx) | Date | October 15, 2012 |
|---|---|---|---|
| Title | SHEILA FERNANDES V. NORTHWESTERN ENGINEERING CO., INC., ET AL. | | |

Plaintiff now argues that defendants are liable for IIED because defendants purposefully withheld information about the option to extend the lease in order to cause plaintiff severe emotional distress and "gain an advantageous bargaining position." FAC ¶ 64.

**III. LEGAL STANDARD**

A Rule 12(b)(6) motion tests the legal sufficiency of the claims asserted in a complaint. "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). "[F]actual allegations must be enough to raise a right to relief above the speculative level." Id.

In considering a motion pursuant to Rule 12(b)(6), a court must accept as true all material allegations in the complaint, as well as all reasonable inferences to be drawn from them. Pareto v. F.D.I.C., 139 F.3d 696, 699 (9th Cir. 1998). The complaint must be read in the light most favorable to the nonmoving party. Sprewell v. Golden State Warriors, 266 F.3d 979, 988 (9th Cir. 2001); Parks Sch. of Bus., Inc. v. Symington, 51 F.3d 1480, 1484 (9th Cir. 1995). However, "[i]n keeping with these principles a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." Ashcroft v. Iqbal, 556 U.S. 662, 129 S.Ct. 1937, 1950 (2009); Moss v. United States Secret Service, 572 F.3d 962, 969 (9th Cir. 2009) ("[F]or a complaint to survive a motion to dismiss, the non-conclusory 'factual content,' and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief.") (citing Twombly and Iqbal); Sprewell, 266 F.3d at 988; W. Mining Council v. Watt, 643 F.2d 618, 624 (9th Cir. 1981). Ultimately, "[d]etermining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Iqbal, 129 S.Ct. at 1950.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-2437 (CAS) (AJWx) | Date | October 15, 2012 |
|---|---|---|---|
| Title | SHEILA FERNANDES V. NORTHWESTERN ENGINEERING CO., INC., ET AL. | | |

Furthermore, unless a court converts a Rule 12(b)(6) motion into a motion for summary judgment, a court cannot consider material outside of the complaint (e.g., facts presented in briefs, affidavits, or discovery materials). In re American Cont'l Corp./Lincoln Sav. & Loan Sec. Litig., 102 F.3d 1524, 1537 (9th Cir. 1996), rev'd on other grounds sub nom Lexecon, Inc. v. Milberg Weiss Bershad Hynes & Lerach, 523 U.S. 26 (1998). A court may, however, consider exhibits submitted with or alleged in the complaint and matters that may be judicially noticed pursuant to Federal Rule of Evidence 201. In re Silicon Graphics Inc. Sec. Litig., 183 F.3d 970, 986 (9th Cir. 1999); Lee v. City of Los Angeles, 250 F.3d 668, 689 (9th Cir. 2001).

For all of these reasons, it is only under extraordinary circumstances that dismissal is proper under Rule 12(b)(6). United States v. City of Redwood City, 640 F.2d 963, 966 (9th Cir. 1981).

## IV. ANALYSIS

To properly plead a claim for IIED, a plaintiff must allege: "(1) extreme and outrageous conduct by the defendant with the intention of causing, or reckless disregard of the probability of causing, emotional distress; (2) the plaintiff's suffering severe or extreme emotional distress; and (3) actual and proximate causation of the emotional distress by the defendant's outrageous conduct." Hughes v. Pair, 46 Cal. 4th 1035, 1050 (Cal. 2009) (citing Potter v. Firestone Tire & Rubber Co., 6 Cal. 4th 965, 1013 (Cal. 1993)).

Defendants argue that plaintiff's claim fails for two reasons: (1) defendants' alleged conduct was not sufficiently outrageous, and (2) plaintiff fails to allege that she suffered severe emotional distress. Mot. at 8, 13.

### A. "Extreme and Outrageous Conduct" Requirement

In California, a defendant's conduct is considered "outrageous" when it is "so extreme as to exceed all bounds of that usually tolerated in a civilized community." Hughes v. Pair, 46 Cal. 4th 1035, 1050 – 51; see also Yu v. Signet Bank/Virginia, 69 Cal. App. 4th 1377, 1397–1398 (1999). Moreover, liability for intentional infliction of

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-2437 (CAS) (AJWx) | Date | October 15, 2012 |
|---|---|---|---|
| Title | SHEILA FERNANDES V. NORTHWESTERN ENGINEERING CO., INC., ET AL. | | |

emotional distress "does not extend to mere insults, indignities, threats, annoyances, petty oppressions, or other trivialities." Restatement (2d) of Torts, § 46, com. d.

Plaintiff argues that defendants engaged in extreme and outrageous conduct by "purposely and deliberately avoid[ing] mention of the option provision and wait[ing] to deliver the notice [to terminate the lease] in order to cause [p]laintiff severe emotional distress." FAC ¶¶ 64 – 65. Plaintiff alleges that defendants compounded the outrageous conduct by refusing to negotiate a reasonable lease extension. FAC ¶ 14. Although the allegedly outrageous conduct only involved sending a notice and failing to negotiate, plaintiff urges the Court to follow Little v. Stuyvesant Life Ins. Co., 67 Cal. App. 3d 451 (Cal. Ct. App. 1997) and Molko v. Holy Spirit Ass'n, 46 Cal.3d 1092 (Cal. 1988), for the proposition that otherwise innocuous acts can constitute outrageous conduct when combined with misleading or deceptive conduct and a special relationship between the parties. Here, plaintiff argues that the landlord-tenant relationship between the parties tends to show that defendant's conduct was outrageous, presumably because this relationship placed defendants in a position of power over plaintiff.

In response, defendants argue that courts have held that conduct by a landlord similar to what transpired in this case is not sufficient to support a claim for IIED. In Leardi v. Brown, 394 Mass. 151 (Mass. 1985), for example, the court found that it was not outrageous for a landlord to terminate a tenancy and require a tenant to either vacate or agree to illegal clauses in a lease extension. Leardi, 394 Mass. at 154 – 155, 167. Similarly, in Bown v. Hamilton, 601 A.2d 1074 (D.C. Ct. App. 1992), the court found that it was not outrageous for a landlord to deny a tenant's request extend her lease, and attempt to evict her without justification, when the landlord "took no over acts of self-help but, on the contrary, resorted to legal processes." Bown, 601 A.2d at 1079. See also Rittenhouse Regency Affiliates v. Passen, 333 Pa. Super. 613, 616 (1984) (finding that a landlord's refusal to consider renting to a replacement tenant in violation of an oral agreement with a tenant was not outrageous, even though the refusal to rent to the replacement tenant was based on the landlord's desire to increase the amount of rent)).[1]

---

[1] These courts and California courts all follow Restatement (2d) of Torts § 46 for the basic elements of IIED. See, e.g., Fletcher v. Western National Life Ins. Co., 10 Cal. App. 3d 376, 394 (Cal. App. 4th Dist. 1970).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

○

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-2437 (CAS) (AJWx) | Date | October 15, 2012 |
|---|---|---|---|
| Title | SHEILA FERNANDES V. NORTHWESTERN ENGINEERING CO., INC., ET AL. | | |

The Court finds that the conduct alleged in plaintiff's complaint does not satisfy the requirement of outrageous conduct. Here, as in Bown, there were no acts of self-help or other harassment that might provide a basis for finding that outrageous conduct occurred. Instead, defendants merely advised plaintiff of their position that she had not properly exercised her option and that accordingly they were going to terminate her tenancy. Without more, this conduct is not "so extreme as to exceed all bounds of that usually tolerated in a civilized community." Hughes, 46 Cal. 4th at 1050 – 51.

The cases plaintiff relies on – Little and Molko – do not compel the opposite result. In Little, the plaintiff sued an insurance company for intentional infliction of emotional distress after the insurance company cancelled her disability benefits. Little, 67 Cal.App.3d at 459, 461. The defendant argued that its conduct was not outrageous because it was "polite and businesslike" and "did nothing more than decline to pay a disputed claim." Id. at 461. The Court found, however, that a reasonable person could find defendant's conduct outrageous by inferring that defendant only denied benefits after it "purposely ignored the great bulk of the medical information it had and withheld that information from the physicians it selected to examine plaintiff and that it sought only to justify its predetermined course of discontinuing disability benefit payments." Id. at 462.

This case is unlike Little because the denial of disability benefits to an individual unable to work in purposeful disregard of medical information is, considering the totality of the circumstances, far more outrageous than sending a notice to cancel a commercial lease. In Little, defendant knew that plaintiff experienced extreme pain and could not perform basic tasks such as reading and sewing. Id. at 458. Purposefully denying disability benefits in disregard of medical information to a person who cannot work and is suffering such extreme pain and discomfort is outrageous in part because it is outrageous to mistreat someone in a painful and incapacitated condition. See Golden v. Dungan, 20 Cal.App.3d 295, 303 fn. 6 ("The extreme and outrageous character of the conduct may arise from the actor's knowledge that the other is peculiarly susceptible to emotional distress, by reason of some physical or mental condition or peculiarity.") (quoting the Restatement (2d) of Torts). Here, no comparable mistreatment took place,

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-2437 (CAS) (AJWx) | Date | October 15, 2012 |
|---|---|---|---|
| Title | SHEILA FERNANDES V. NORTHWESTERN ENGINEERING CO., INC., ET AL. | | |

so Little does not suggest that the conduct alleged in the complaint is outrageous.[2] Additionally, in this case there is no allegation that defendants' refused to extend plaintiff's lease in purposeful disregard of information to the contrary. In fact, plaintiff's allegations acknowledge that defendants believed that she did not properly exercise her option for an extension. See FAC ¶ 62.

Similarly, Molko involved a substantially different factual situation than the current case. In Molko, plaintiffs were approached by members of the Unification Church and asked to attend a dinner and a gathering in a rural area. Id. at 1102 – 1106. Although plaintiffs asked the members of the church whether they were associated with the Unification Church or any other religious association, the church members repeatedly stated that they were not in a religious organization, but were instead members of a charitable or non-religious organization. Id. The church members then subjected the plaintiffs to aggressive indoctrination techniques. Id. The court found that "fraudulent inducement into an atmosphere of coercive persuasion" was outrageous because, in part, "the Church's continued deceptions might well be seen as conduct breaching plaintiffs' trust in the integrity of those who were promising to make their lives more meaningful." Id. at 1122. Here, the conduct is incomparable because, among other reasons, plaintiff was not deceived by someone promising to make her life more meaningful, and was not tricked into agreeing to something as life-altering and drastic as religious indoctrination.

The Court therefore finds that plaintiff has not sufficiently alleged that defendants' conduct was extreme and outrageous.

### B. "Severe Emotional Distress" Requirement

Plaintiff alleges that "as an actual and proximate cause of [defendant's] outrageous conduct, [p]laintiff suffered severe emotional suffering and is entitled to damages according to proof at trial." FAC ¶ 67. Specifically, plaintiff alleges that she suffered a "fit of depression and despair." FAC ¶ 14.

---

[2] Although plaintiff does allege that she was in poor health when she received the letter, she does not allege that defendants were aware of her poor health. FAC ¶ 13.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-2437 (CAS) (AJWx) | Date | October 15, 2012 |
|---|---|---|---|
| Title | SHEILA FERNANDES V. NORTHWESTERN ENGINEERING CO., INC., ET AL. | | |

Defendants argue that a fit of depression and despair is not sufficiently severe emotional distress. Defendants argue that a "fit" is a mere transient occurrence, and that it is therefore insufficient to sustain a claim for IIED because "[t]he law intervenes only where the distress is so severe that no reasonable [person] could be expected to endure it." Hamilton v. Prudential Financial, 2007 WL 2827792, 4 (E.D. Cal. 2007) (quoting the Restatement (2d) of Torts); see also Hughes, 46 Cal. 4th at 1050 ("Severe emotional distress means emotional distress of such substantial quality or enduring quality that no reasonable person in civilized society should be expected to endure it.").

The Court finds that a bare allegation that plaintiff suffered a "fit of depression and despair" is insufficient to satisfy the severe or extreme emotional distress requirement. Without more, the Court cannot find that a "fit of depression and despair" entails such extreme distress that no reasonable person should be expected to endure it. If plaintiff chooses to pursue this claim for relief in an amended pleading, plaintiff's allegations should set out why the fit of despair constituted extreme emotional distress.[3]

**V.    CONCLUSION**

In accordance with the foregoing, the Court hereby DISMISSES WITHOUT PREJUDICE plaintiff's seventh claim for relief. Plaintiff shall have **thirty (30)** days to file an amended pleading addressing the deficiencies discussed above.

IT IS SO ORDERED.

|  | 00 | : | 03 |
|---|---|---|---|
| Initials of Preparer | | | CMJ |

---

[3] Plaintiff states that she can "provide more specific allegations of distress and anxiety pertaining to defendants' aforementioned conduct." Opp. at 9.